

Cynthia S. Betz
Associate
T. 973-848-5377
F. 973-297-6636
cbetz@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
www.mccarter.com

November 12, 2021

**VIA ECF**
Honorable Renée Marie Bumb, U.S.D.J.
United States District Court for the District of New Jersey
4th & Cooper Streets
Camden, NJ 08101

      Re:    ***TGG Direct, LLC v. Barrios, et al.,* No. 1:21-cv-18732-RMB-AMD**

Dear Judge Bumb:

We, along with Morvillo Abramowitz Grand Iason & Anello, P.C., represent defendants, Traci Barrios and Barrios Harding Enterprise LLC ("Barrios Enterprise" and collectively with Ms. Barrios, "Defendants"). In accordance with Rule 1(A) of Your Honor's Individual Rules and Procedures, we respectfully request a pre-motion conference in anticipation of filing a motion to dismiss for lack of personal jurisdiction and on *forum non conveniens* grounds, or alternatively that the Court permit Defendants to file the proposed motion without a conference.

This action involves a business dispute between Plaintiff TGG Direct, LLC ("TGG" or "Plaintiff"), a New Jersey company, and Defendants, both of whom Plaintiff concedes are residents of Arkansas. Plaintiff—which sells goods to retailers (which the retailers then resell to their customers at a markup)—engaged Ms. Barrios as its salesperson for its Wal-Mart business, and agreed to pay Ms. Barrios on commission. Compl. ¶¶ 7, 18-19. As the basis for its claims, Plaintiff falsely alleges that Ms. Barrios "manipulated Wal-Mart's system to push through orders for 4,000 stores," despite supposedly knowing that Wal-Mart had only "placed an order for approximately 1,200 stores." *Id.* ¶ 25. As Plaintiff knows, however—and, indeed, as its principal, Emily Gottschalk, has acknowledged on multiple occasions—Ms. Barrios did no such thing. Rather, Plaintiff concocted its false narrative—and preemptively filed this lawsuit in New Jersey, notwithstanding the lack of any relevant contacts between Defendants and New Jersey— as a tactic to intimidate Ms. Barrios and avoid paying her approximately $180,000 in commissions. Plaintiff never suggested that Ms. Barrios had done anything wrong prior to terminating its relationship with Ms. Barrios and filing this lawsuit, which was only after Ms. Barrios demanded that Plaintiff pay her these commissions. When it comes time to litigate the merits of the parties' claims, Defendants intend to pursue the $180,000 in commissions that Plaintiff wrongfully has withheld.

For present purposes, Plaintiff's claims should be dismissed because the Complaint is devoid of factual allegations sufficient to establish jurisdiction over Defendants in New Jersey. Noticeably absent from the Complaint are allegations regarding (i) where Ms. Barrios and Ms. Gottschalk were located when they first developed their relationship, (ii) where Ms. Barrios was located when she had the relevant communications with Wal-Mart regarding the "orders for 4,000 stores" at issue, (iii) where Ms. Barrios was located when she engaged in acts on behalf of Plaintiff in connection with the "orders for 4,000 stores," or (iv) where the individuals associated with Wal-Mart were located when Ms. Barrios had the relevant communications and engaged in the relevant acts with them. Those locations were all in Arkansas, or otherwise outside New

Jersey—which is why Plaintiff cannot establish jurisdiction over Defendants in New Jersey, and why this case should be dismissed.

## I.      New Jersey Is Not the Proper Venue for This Action

Ignoring that Arkansas was the nexus for all the events out of which its claims arise, Plaintiff claims that personal jurisdiction exists over Defendants based exclusively on allegations of telephone calls, emails, and a few in-person meetings between Ms. Barrios and individuals associated with Plaintiff in New Jersey.  Compl. ¶ 5.  Plaintiff, however, has made no attempt to tie those alleged contacts to the "orders for 4,000 stores" out of which its claims arise.  *Id.*  Plaintiff's failure in this regard is fatal to its attempt to establish personal jurisdiction over Defendants in New Jersey, or to claim that New Jersey is an appropriate venue.

## A.      Plaintiff's Claims Fail for Lack of Personal Jurisdiction

As Plaintiff concedes, Ms. Barrios and Barrios Enterprise (the entity through which Ms. Barrios allegedly acted) are residents of Arkansas, with Ms. Barrios "residing" in Arkansas and Barrios Enterprise having been "formed under the laws of . . . Arkansas."  Compl. ¶¶ 3, 4.  As a result, this Court lacks general jurisdiction over Defendants.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).  Moreover, Plaintiff has not alleged facts sufficient for this Court to exercise specific jurisdiction over Defendants.  To determine whether specific jurisdiction exists, this Court must assess (i) whether Defendants purposefully directed their activities at the forum; (ii) whether the litigation arises out of or relates to at least one of those activities; and if the first two factors are met, (iii) whether the exercise of jurisdiction otherwise comports with fair play and substantial justice.  *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).  Plaintiff has failed to allege facts sufficient to establish any of these requirements.

*First*, "no indication [exists] that Defendants specifically targeted New Jersey," and, in fact, it was Ms. Gottschalk who initially solicited Ms. Barrios to work for Plaintiff after Ms. Gottschalk and Ms. Barrios established a friendship during Ms. Gottschalk's trips to Arkansas. *Real Est. Sols. Today LLC. v. Scifo*, No. CV 20-4512 (FLW), 2021 WL 486896, at *6 (D.N.J. Feb. 10, 2021) (in rejecting jurisdiction, noting that "it does not appear that Defendants solicited Plaintiff").  Moreover, "that [D]efendant[s] knew that [P]laintiff's principal place of business was located in the forum" is insufficient to establish personal jurisdiction.  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998).  Instead, "[D]efendant[s] must manifest behavior intentionally targeted at and focused on the forum. . . ."  *Id.* (internal quotation marks omitted). "[T]elephonic and electronic communications with individuals and entities located in New Jersey alone[] are insufficient. . . ."  *Baanyan Software Servs., Inc. v. Kuncha*, 81 A.3d 672, 679 (N.J. App. Div. 2013).  Under the circumstances here—*i.e.*, where Plaintiff solicited Ms. Barrios to sell products to Wal-Mart, while both Ms. Barrios and the Wal-Mart personnel with whom she interacted were in Arkansas—Defendants cannot be said to have specifically targeted New Jersey.

*Second*, Plaintiff's alleged claims do not arise from any activities that were directed at New Jersey.  Plaintiff's claims arise out of its (false) allegation that Ms. Barrios supposedly

"manipulated Wal-Mart's system to push through orders for 4,000 stores through an assistant buyer." Compl. ¶ 25. Plaintiff does not allege, however, any link between Ms. Barrios's alleged conduct in connection with the "orders for 4,000 stores" and New Jersey, and none exists. Both Ms. Barrios and the Wal-Mart personnel with whom she interreacted (including the referenced "assistant buyer") were in Arkansas, leaving Plaintiff with only the argument that it allegedly was harmed in New Jersey. Establishing specific jurisdiction, however, "requires more than a finding that the harm [purportedly] caused by [D]efendant[s'] [alleged] tort is primarily felt within the forum." *IMO Indus., Inc.* 155 F.3d at 265. Instead, Plaintiff must "point to contacts which demonstrate that [D]efendant[s] *expressly aimed* [their alleged] tortious conduct at the forum, and thereby made the forum the focal point of the [alleged] tortious activity," *id.* (emphasis in original)—which Plaintiff has not done, and cannot do. Because the first two factors are not met, the exercise of jurisdiction in New Jersey would not comport with fair play and substantial justice. Accordingly, Plaintiff cannot satisfy the personal jurisdiction inquiry.

**B.     The Complaint Also Should Be Dismissed on *Forum Non Conveniens* Grounds**

The Complaint also should be dismissed on *forum non conveniens* grounds, because the key conduct and witnesses relevant to Plaintiff's claims all occurred and are located in Arkansas. *Forum non conveniens* permits a court to dismiss an action "[w]hen an alternative forum has jurisdiction to hear the case, and when trial in [P]laintiff's chosen forum would 'establish . . . oppressiveness and vexation . . . out of all proportion to [P]laintiff's convenience. . . .'" *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189 (3d Cir. 2008) (citation omitted). Four factors are relevant to a court's exercise of discretion in deciding whether to dismiss on *forum non conveniens* grounds: (i) "the amount of deference to be afforded to [P]laintiff['s] choice of forum"; (ii) "the availability of an adequate alternative forum where [D]efendants are amenable to process and [P]laintiff['s] claims are cognizable"; (iii) "relevant 'private interest' factors affecting the convenience of the litigants"; and (iv) "relevant 'public interest' factors affecting the convenience of the forum." *Kisano Trade & Inv. Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013).

Although a domestic plaintiff who sues in its home state ordinarily is entitled to deference, dismissal is appropriate when, as here, "the balance of the public and private interests clearly favors an alternate forum.'" *Windt* 529 F.3d at 190; *see also Delta Air Lines, Inc. v. Chimet, S.P.A.*, 619 F.3d 288, 296 (3d Cir. 2010) (affirming that the District Court granted the plaintiff's choice of forum "considerable deference but that the balance of conveniences nonetheless warranted dismissal"). Here, an adequate alternative forum exists in Arkansas, and the private and public interests—including "ease of access to sources of proof; ability to compel witness attendance if necessary . . . and any other potential obstacle[s] impeding an otherwise easy, cost-effective, and expeditious trial"—all favor Arkansas, because (i) Ms. Barrios's conduct and communications relevant to the "orders for 4,000 stores" took place predominantly in Arkansas, and (ii) the key third-party Wal-Mart witnesses (who we expect will confirm that Ms. Barrios did nothing wrong) also are located in Arkansas and could not be compelled to appear at a trial in New Jersey. *See Kisano*, 737 F.3d at 873.

For the foregoing reasons, Defendants request that the Court schedule a pre-motion conference or, alternatively, permit Defendants to file their anticipated motion to dismiss on personal jurisdiction and *forum non conveniens* grounds without a conference.

Page 4 of 4

Respectfully submitted,

/s/ Cynthia S. Betz
Cynthia S. Betz
McCarter & English, LLP

Christopher B. Harwood
Brian A. Jacobs
Morvillo Abramowitz Grand Iason &
Anello, P.C.

cc:   Counsel of Record (via ECF)